UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN W. VENABLE and
RENEE VENABLE,

        Plaintiffs,

                              Case No. 11-12716

v.                                  Honorable Paul D. Borman
                                  United States District Judge

BERGIN FINANCIAL, INCORPORATED,
OPTION ONE MORTGAGE CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2006-OPT4,
ASSET-BACKED CERTIFICATES, SERIES 2006-OPTA, and
AMERICAN HOME MORTGAGE SERVICING, INC.,

        Defendants.

_____/

OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:

This matter is before the Court on Defendants' Motion for Summary Judgment. The Court held a hearing on December 14, 2011. For the reasons that follow, the Court GRANTS Defendants' Motion for Summary Judgment.

I.      **INTRODUCTION**

On September 22, 1997, Allen Venable and Renee Venable ("Plaintiffs") purchased property located at 21421 Winchester, Southfield, Michigan 48076 (the "Property"). The warranty deed reflecting the purchase was recorded at Liber 17750, Page 253, Oakland County Records.

On March 22, 2006, Plaintiff obtained a loan in the amount of $221,595.00 from Defendant

Bergin Financial, Incorporated (the "Loan"). In connection with the loan, Plaintiffs signed a promissory note (the "Note"). As security for repayment of the Loan, Plaintiffs granted Defendant Bergin Financial, Incorporated ("Bergin") a mortgage on the Property (the "Mortgage"). On April 14, 2006, the Mortgage was recorded in Liber 37417, Page 664, Oakland County Records.

On March 23, 2006, Defendant Bergin assigned its interest in the Mortgage to Defendant Sand Canyon Corporation, f/k/a Option One Mortgage Corporation ("Option One"). On October 10, 2006, the assignment was recorded in Liber 38205, Pages 24-25, Oakland County Records.

On July 1, 2008, Defendant Option One transferred the servicing rights of the Mortgage to Defendant American Home Mortgage Servicing, Inc ("AHMSI").

On July 29, 2008, Defendant Option One withdrew from doing business in Michigan per the Michigan Department of Licensing and Regulatory Affairs.

On December 17, 2009, Defendant Bergin surrendered, returned, and cancelled its mortgage license, and thereafter was not licensed pursuant to the Mortgage Brokers, Lenders, and Servicers Licensing Act.

After March, 2010, Plaintiffs failed to make monthly payments as they became due. Indeed, Plaintiffs have been living "free" in the house since then.

On January 6, 2011, Defendant AHMSI sent Plaintiffs a notice regarding Plaintiffs' rights to request a meeting to discuss a loan modification pursuant to MCL 600.3205a. Plaintiffs requested a meeting, and the foreclosure process was adjourned until at least April 6, 2011.

On January 11, 2011, Defendant Option One assigned its interest in the Mortgage to Defendant Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-OPT4, Asset-Backed Certificates, Series 2006-OPTA ("Deutsche Bank"). On February 2,

2011, the assignment was recorded in Liber 42784, Page 552, Oakland County Records.

On January 27, 2011, Plaintiffs sent Defendant Deutsche Bank a letter alleging numerous deficiencies preventing foreclosure and demanding documents substantiating Defendant Deutsche Bank's interest in the Mortgage and Note. On February 4, 2011, Plaintiffs sent Defendant Deutsche Bank another letter containing substantially the same message.

On May 2, 2011, Defendant AHMSI initiated foreclosure proceedings. A Sheriff's Sale was scheduled for May 31, 2011. Plaintiffs filed a Verified Complaint on May 27, 2011 in the Oakland County Circuit Court which issued an Ex Parte Temporary Restraining Order and Order to Show Cause preventing Defendants from foreclosing on the Property. The Sheriff's sale has been postponed pending this action.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

3

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

4

III. ANALYSIS

It is undisputed that Plaintiffs received the Loan of $221,595.00, signed the Note, granted the Mortgage, and defaulted on the Loan. Thus, the issue is not whether Plaintiffs owe payment on the loan, but rather to whom.

The main thrust of Plaintiffs' arguments, found in every Count of Plaintiffs' Complaint, is that Defendant Deutsche Bank does not hold a record interest in the Property. Thus, the Court must first determine whether there is a genuine issue of material fact as to whether Defendant Deutsche Bank has an interest in the Property before analyzing the specific allegations.

Plaintiffs contention that Defendant Deutsche Bank does not hold a record interest in the Property is based upon a March 18, 2009 affidavit executed by Dale M. Sugimoto, the president of Defendant Option One[1] at the time. The affidavit states that Option One, as of March 18, 2009, did not own any residential real estate mortgages. Thus, Plaintiffs contend, the assignment of the Mortgage from Defendant Option One to Defendant Deutsche Bank recorded on February 2, 2011 is null and void. Plaintiffs' argument, however, fails for several reasons: (1) Prior to the affidavit, Defendant Deutsche Bank and Defendant Option One executed a trust agreement in which Defendant Deutsche Bank was the trustee of the Mortgage, (2) Plaintiffs do not have standing to challenge the validity of the assignment from Defendant Option One to Defendant Deutsche Bank, and (3) the Statute of Frauds would render invalid any non-written assignment or sale of the Mortgage.

Defendant Deutsche Bank, Defendant Option One, and Wells Fargo executed a Custodial Agreement dated as of May 1, 2006. Pursuant to the Custodial Agreement, Defendant Deutsche Bank was the trustee of the Mortgage, Defendant Option One was the servicer of the Mortgage, and

---

[1] The company was then known as Sand Canyon Corporation.

Wells Fargo was the custodian of the Mortgage. On July 10, 2006, Wells Fargo executed a Trust Receipt and Initial Certification, indicating that Wells Fargo received a Custodial File with respect to the Mortgage. On May 22, 2007, Wells Fargo executed a Final Certification, indicating that Wells Fargo, as custodian, had possession of the Mortgage. The Final Certification also indicates that each Mortgage Note has been endorsed as provided in the Custodial Agreement. Thus, the actual assignment took place well before Mr. Sugimoto's affidavit.

Plaintiffs also argue that the assignment was invalid because it did not comply with Michigan's Statute of Frauds. As non-parties to the assignment, Plaintiffs cannot challenge the validity of the assignment of the Mortgage between Defendant Option One and Defendant Deutsche Bank. *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 103 (6th Cir. 2010) (citing *Pashak v. Interstate Highway Construction, Inc.*, 1998 WL 2001203 at *1 (Mich. App.); *id.* at 102-03 ("[T]he maker of a promissory note could not challenge his obligations under the note by asserting that an invalid assignment had occurred.) (citing *Bowles v. Oakman*, 246 Mich. 674 (1929)); *see also* MCL 440.3305(3) ("[T]he obligor may not assert against the person entitled to enforce the instrument a defense . . . of another person . . . .").

Moreover, the Statute of Frauds argument undermines Plaintiffs' position rather than bolstering it. MCL 566.106 provides, in pertinent part:

> No estate or interest in lands . . . shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

Plaintiffs argue that the only writing that satisfies the requirements of MCL 556.106 from Defendant Option One is the agreement between Defendant Option One and Defendant Deutsche Bank made

6

on January 11, 2011 and recorded on February 2, 2011. Thus, Plaintiffs contend, any alleged assignment from Defendant Option One to Defendant Deutsche Bank prior to that date is invalid under the Statute of Frauds.[2] Even if Plaintiffs are correct that Defendant Option One sold the Mortgage prior to assigning it to Defendant Deutsche Bank, there is no evidence of any signed written conveyance of such sale that would satisfy the Statute of Frauds, and therefore the sale would be unenforceable.

Having determined that no genuine issue of material fact exists as to whether Defendant Deutsche Bank has an interest in the Property, the Court now proceeds to analyze the specific allegations.

### A. Count I

#### 1. MCL 600.3204(1)(d)

To foreclose a mortgage by advertisement, MCL 600.3204(1)(d) requires that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." As per the January 6, 2011 notice of default and the May 2, 2011 notice of foreclosure, Defendant AHMSI was the party foreclosing Plaintiffs' mortgage. Defendant AHMSI became the servicing agent of the mortgage when it bought the servicing rights from Defendant Option One, effective April 30, 2008. As the servicing agent of the mortgage, Defendant AHMSI was authorized to foreclose the mortgage by advertisement under MCL 600.3204(1)(d).

---

[2] The Custodial Agreement, as presented to the Court, does not have a signature of a person authorized to sign for Defendant Option One.

### 2. MCL 600.3212

Plaintiffs allege that Defendant Deutsche Bank violated MCL 600.3212 because the notice of foreclosure was deficient.[3] MCL 600.3212 states:

> Every notice of foreclosure by advertisement shall include all of the following:
>
> (a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.
>
> (b) The date of the mortgage and the date the mortgage was recorded.
>
> (c) The amount claimed to be due on the mortgage on the date of the notice.
>
> (d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.
>
> (e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

The notice of the foreclosure sale satisfies the requirements of MCL 600.3212. Specifically, Plaintiffs argue that the notice failed to include the name of the foreclosing assignee because Defendant Deutsche Bank holds no interest in the Mortgage. Because the Court determines that Defendant Deutsche Bank does in fact hold an interest in the Mortgage, the notice of the foreclosure did not violate MCL 600.3212.

### 3. MCL 600.3205a(1)(b)

MCL 600.3205a(1)(b) requires that a party foreclosing by advertisement serve a written notice on the borrower that includes "[t]he names, addresses, and telephone numbers of the mortgage

---

[3] Defendant Deutsche Bank, however, did not publish the notice of foreclosure. The servicing agent of the mortgage, Defendant AHMSI, published the notice through Defendant AHMSI's attorneys.

8

holder, the mortgage servicer, *or any agent designated by the mortgage holder or mortgage servicer.*" (emphasis added). Notice pursuant to MCL 600.3205a was sent to Plaintiffs on January 6, 2011 by Trott & Trott, P.C. In the notice, Trott & Trott, P.C. provided its address and telephone number, and indicated it was acting as Defendant AHMSI's agent. Accordingly, the notice did not violate MCL 600.3205(1)(b).

### 4. MCL 600.3201

Plaintiffs allege Defendant Deutsche Bank violated MCL 600.3201 which states: "Every mortgage of real estate, which contains a power of sale, upon default being made any condition of such mortgage, may be foreclosed by advertisement, in the cases and manner specified in this chapter. . . ." It is undisputed that the Mortgage contained a power of sale and that Plaintiffs defaulted. Because Defendant Deutsche Bank had a valid mortgage interest, Defendant Deutsche Bank did not violate MCL 600.3201.

### 5. MCL 600.3204(1)(a)

Plaintiffs allege that Defendants violated MCL 600.3204(1)(a) which lists, as a requirement to foreclose by advertisement, that "[a] default in a condition of the mortgage has occurred, by which the power to sell became operative." It is undisputed that Plaintiffs defaulted or that the Mortgage contained a valid power of sale. Thus, this allegation lacks merit.

### 6. MCL 600.3204(1)(c)

Plaintiffs also allege that Defendants violated MCL 600.3204(1)(c) which lists, as a requirement to foreclose by advertisement, that "[t]he mortgage containing the power of sale has been properly recorded." The Mortgage was properly recorded when executed between Plaintiffs and Defendant Bergin in Liber 37417, Page 664, Oakland County Records. Thus, Plaintiffs' claim

9

that the Mortgage was not properly recorded is without merit.

### 7. MCL 600.3204(3)

Plaintiffs further allege that Defendant violated MCL 600.3204(3) which states that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." There is currently no date of sale, therefore this provision is inapplicable. Plaintiffs argue that this is contrary to the Michigan Court of Appeals' decision in *Davenport v. HSBC Bank*, 275 Mich. App. 344 (2007). In *Davenport*, the defendant, a successor mortgagee, published the first notice of foreclosure before the defendant acquired interest in the mortgage. The Michigan Court of Appeals vacated the circuit court's granting of the defendant's motion for summary judgment, noting that a successor mortgagee must own the indebtedness it seeks to foreclose. *Id.* at 347. The present case is distinguishable from *Davenport* because the successor mortgagee, Defendant Deutsche Bank, was assigned the mortgage before publishing the first notice. Thus, *Davenport* is inapplicable.

Moreover, a record chain of title exists evidencing the assignment of the mortgage to the party foreclosing the mortgage. The assignment of the Mortgage from Defendant Bergin to Defendant Option One was properly recorded in Liber 38205, Pages 24-25, Oakland County Records. The assignment of the Mortgage from Defendant Option One to Defendant Deutsche Bank was properly recorded in Liber 42784, Page 552, Oakland County Records.

### 8. UCC

Article 9 of the Uniform Commercial Code (UCC), codified as MCL 440.9101 *et seq*, governs the sale of promissory notes. Pursuant to MCL 440.9203, Defendants are entitled to enforce

the Note against Plaintiffs because value had been given for the Note, Plaintiffs had rights in the Property or the power to transfer rights in the Property to a secured party, and Plaintiffs have authenticated the Mortgage that describes the Property. Defendants' right to payment of the Note constitutes an attachment to the Mortgage. MCL 440.9203(6). Defendants offered a copy of the Note into evidence, and presented the original Note at the hearing. Accordingly, Defendants are entitled to payment on the Note.

### 9. Conclusion

There is no genuine issue of material fact regarding any of Plaintiffs' allegations in Count I. Defendant Deutsche Bank is the record Mortgage holder, Defendant AHMSI is the Mortgage servicer, and Trott & Trott, P.C. is Defendant AHMSI's agent. Defendants adhered to all statutes Plaintiffs allege were violated. Moreover, Defendants, as possessors of the Note, are entitled to enforce the terms of the Note. Thus, the Court grants Defendants' Motion for Summary Judgment as to Count I of the Complaint.

### B. Count II

Count II of Plaintiffs' Complaint does not allege additional facts, but rather seeks a declaratory judgment based on the facts alleged under Count I of the Complaint. Because the Court finds that the allegations in Count I lack merit, the Court grants Defendants' Motion for Summary Judgment as to Count II of the Complaint.

### C. Count III

In Count III of the Complaint, Plaintiffs seek the equitable remedy of quieting title to the Property in Plaintiffs' names. Defendants counter that Plaintiffs have come to the Court with unclean hands, and are therefore barred from the relief Plaintiffs seek. In Michigan, "one who seeks

the aid of equity must come in with clean hands." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 585 (6th Cir. 2007) (quoting *Rose v. National Auction Group, Inc.*, 466 Mich. 453, 463 (2002)). Accordingly, a "person seeking equity should be barred from receiving equitable relief if there is any indication of overreaching or unfairness on this person's part." *Polkton Charter Tp. v. Henke*, 2003 WL 21958305 at *1 (Mich. App. 2003) (quoting *Royce v. Duthler*, 209 Mich. App. 682, 688-89 (1995)).

Plaintiffs claim that they do not have unclean hands because all they did was stand up for themselves and dispute the debt. Plaintiffs, however, acknowledged Defendant AHMSI's authority to receive payments by making payment to Defendant AHMSI once Defendant Option One assigned the servicing rights to Defendant AHMSI. Additionally, on May 15, 2010, Plaintiffs sent a letter to Defendant AHMSI explaining Plaintiffs' financial hardships and requesting a loan modification. Plaintiffs, therefore, did not disputed the debt until Plaintiffs defaulted on the debt. "It is a cardinal principal that equity will not aid a party in doing that which is not equitable." *Barbour v. Handlos Real Estate and Bldg. Corp.*, 152 Mich. App. 174, 184 (1986) (quoting *Goodenow v. Curtis*, 33 Mich. 505, 509 (1876)). Thus, it would not be equitable to quiet title in Plaintiffs' names.

Moreover, it is undisputed that Plaintiffs received the Loan, signed the Note, granted the Mortgage, and defaulted on the Loan. Plaintiffs have offered no valid ground for a judgment invalidating the Mortgage as a lien on the Property. As such, the Court determines that it would be inequitable to quiet title in Plaintiffs' names. The Court grants Defendants' Motion for Summary Judgment as to Count III of the Complaint.

D.  **Count IV**

Count IV of Plaintiffs' Complaint does not allege additional facts, but request the Court to stop the foreclosure based on the facts alleged under Count I of the Complaint. Because the Court finds that the allegations in Count I lack merit, the Court grants Defendants' Motion for Summary Judgment as to Count IV of the Complaint.

IV.  **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 12-29-11