UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN W. VENABLE and
RENEE VENABLE,

       Plaintiffs,

                                       Case No. 11-12716

v.                                       Honorable Paul D. Borman
                                       United States District Judge

BERGIN FINANCIAL, INCORPORATED,
OPTION ONE MORTGAGE CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2006-OPT4,
ASSET-BACKED CERTIFICATES, SERIES 2006-OPTA, and
AMERICAN HOME MORTGAGE SERVICING, INC.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. BACKGROUND

On December 14, 2011, the Court held a hearing on Defendants' Motion for Summary Judgment. The Court determined that there was no genuine issue of material fact with regards to Plaintiffs' claims against neither American Home Mortgage Servicing, Inc ("AHMSI") nor Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2006-OPT4, Asset-Backed Certificates, Series 2006-OPTA ("Deutsche Bank"). Accordingly, the Court granted summary judgment in favor of AHMSI and Deutsche Bank. Plaintiffs subsequently filed the instant Motion for Reconsideration.

1

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp.2d 714, 718 (E.D. Mich.2001).

## III. ANALYSIS

### A. Equitable Relief

Plaintiffs request that the Court reconsider its ruling that Plaintiffs have unclean hands. The Court, however, did not rule that Plaintiffs have unclean hands. Instead, the Court ruled that it would be inequitable to quiet title in Plaintiffs' names. As the Court stated in its Opinion and Order Granting Defendants Motion for Summary Judgment, "it is undisputed that Plaintiffs received the Loan, signed the Note, granted the Mortgage, and defaulted on the Loan. Plaintiffs have offered no valid ground for a judgment invalidating the Mortgage as a lien on the Property."

### B. Deutsche Bank's Interest

The arguments Plaintiffs proffers in their Motion for Reconsideration regarding Deutsche Bank's interest in the mortgage merely present the same issues ruled upon by the Court. Moreover,

2

Plaintiffs fail to demonstrate a palpable defect in the Court's ruling.

### C.     The Foreclosing Party

Plaintiffs request that the Court reconsider its ruling that AHMSI was the foreclosing party. Even if the Court were to reconsider this issue, it would not result in a different disposition of the case. Plaintiffs' argument is that, under MCL 600.3205a(1),[1] the foreclosing party shall send the notice of foreclosure, and that any other party sending the notice is insufficient and requires the foreclosure to be set aside. Plaintiffs read the statute too literally. If the Court were to accept Plaintiffs' interpretation of the statute, it would invalidate all foreclosures by advertisement where an agent of the foreclosing party, such as the party's attorney or servicing agent, serves written notice on the borrower. Plaintiffs received written notice from AHMSI's agent, Trott & Trott, P.C., that contained all the information required under Michigan law.

Additionally, Plaintiffs had not previously raised the argument that the notice was deficient because it was not sent by Deutsche Bank. Plaintiffs have failed to demonstrate why this argument could not have previously been offered. *See DiPonio Const. Co, Inc. v. Int'l Union of Bricklayers and Allied Craftworkers, Local 9*, 739 F.Supp.2d 986, 1004 (E.D. Mich. 2010). "A motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Id.* at 1004-05 (quoting *Smith v. Mount Pleasant Pub. Schs.*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003)).

---

[1] Plaintiffs incorrectly cite the statute as MCL 600.3205(a), and incorrectly quote a superceded version.

3

D.  **Assignment to Deutsche Bank**

The arguments Plaintiffs proffers in their Motion for Reconsideration regarding the assignment to Deutsche Bank merely present the same issues ruled upon by the Court. Moreover, Plaintiffs fail to demonstrate a palpable defect in the Court's ruling.

IV.  **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 2-1-12