UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN W. VENABLE and
RENEE VENABLE,

        Plaintiffs,

                              Case No. 11-12716

v.                                 Honorable Paul D. Borman
                                   United States District Judge

BERGIN FINANCIAL, INCORPORATED,
OPTION ONE MORTGAGE CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR SOUNDVIEW HOME
LOAN TRUST 2006-OPT4,
ASSET-BACKED CERTIFICATES, SERIES 2006-OPTA, and
AMERICAN HOME MORTGAGE SERVICING, INC.,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT SAND CANYON CORPORATION'S F/K/A/OPTION ONE MORTGAGE CORPORATION MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. RULE 12(c) AND/OR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 (DKT. NO. 24)

This matter is before the Court on Defendant Sand Canyon Corporation's f/k/a Option One Mortgage Corporation ("Option One"), Motion for Judgment Pursuant to Fed. R. Civ. P. 12(c) and/or Summary Judgment Pursuant to Fed. R. Civ. P. 56. (Dkt. No. 24.) Plaintiffs filed a response (Dkt. No. 27) and Option One filed a reply (Dkt. No. 28). For the reasons that follow, the Court GRANTS Option One's motion and DISMISSES Plaintiffs' Complaint with prejudice.[1]

---

[1] The parties have never addressed Defendant Bergin Financial, Inc. ("Bergin"). The Court notes that Plaintiffs identify Bergin in their Complaint as a "defunct Michigan corporation" and Bergin has

1

I.  **BACKGROUND**

The factual background in this matter was set forth in the Court's December 29, 2011 Opinion and Order dismissing Defendants Deutsche Bank and American Home Mortgage Servicing ("AHMSI") and will not be repeated here. (Dkt. No. 14.) Defendant Option One now moves for dismissal pursuant to Fed. R. Civ. P. 12(c) and/or for summary judgment pursuant to Fed. R. Civ. P. 56.[2]

II. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary

---

never filed an answer in this Court. In their Notice of Removal, Defendants allege that Bergin was improperly joined by Plaintiffs in an attempt to defeat this Court's diversity jurisdiction. (Dkt. No. 1, Notice of Removal, ¶¶ 3-11.) Plaintiffs have never responded to this allegation. It is clear that Plaintiffs have never challenged the March 23, 2006 assignment of their Mortgage from Bergin to Option One. Bergin is mentioned only in Plaintiffs' Quiet Title claim, Count III, and then only to note that Bergin is a defunct corporation with no interest in the property. (Compl. ¶ 29; Dkt. No. 27, Pls.'s Resp. to Option One's Motion, 2.) The Court agrees with Defendants that Bergin was fraudulently joined because Plaintiffs, regardless of their intention in naming Bergin, have never had a colorable claim against Bergin based on the undisputed facts. *J. Lewis Cooper Co. v. Diageo North America, Inc.*, 370 F. Supp. 2d 613, 617 (6th Cir. 2005) ("Because the plaintiffs have no "colorable cause of action" against the Michigan defendant, the fraudulent joinder rule excuses the lack of complete diversity, and the matter was properly removed to this Court.")

Alternatively, the Court concludes that, even if not fraudulently joined, the facts clearly establish that Bergin validly assigned its interest in the Mortgage to Option One on March 23, 2006, that Bergin has no interest in the property and would be a dispensable party to any action to quiet title. *See Yuille v. American Home Mortgage Services, Inc., et al.*, No. 10-2564, 2012 WL 1914056, at *1 n.1 (6th Cir. May 29, 2012) (finding that a district court may drop a dispensable non-diverse party under Fed. R. Civ. P. 21, preserving diversity jurisdiction).

[2] Although Option One alternatively moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, Plaintiffs in their response and Option One in its reply treat the motion as one for summary judgment and the Court proceeds accordingly.

judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or

3

denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)).

### III.  ANALYSIS

Plaintiffs concede that they do not assert claims against Option One in Counts I, II or IV of the Complaint. The only claim against Option One lies in Count III, Plaintiffs' claim to quiet title. Count III of Plaintiffs' Complaint alleges, in pertinent part, the following:

> 29. Bergin is a defunct corporation that is no longer an operating mortgage broker or an operating business, and cannot assert any interest in the Property.
>
> 30. Option One is a defunct corporation that is no longer an operating mortgage broker or an operating business, and cannot assert any interest in the Property.
>
> 31. AHMSI owns no record or other interest in or associated with the Venable Home.
>
> 32. Deutsche Bank owns no record or other interest in or associated with the Venable Home.
>
> 33. As a result of the foregoing, the Defendants neither have any right to encumber title to the Venable Home, nor do they have the right to maintain any interest in the Property, including any recorded mortgage in the Property.
>
> 34. Further, none of the Defendants have the right to transfer, sale, initiate

> foreclosure, or convey any interest in the Property to any party, and any such alleged transfer, sale, initiation of foreclosure, or conveyance of any interest in the Property is ineffective and or void.

Dkt. No. 1, Ex. 2 Complaint.

Plaintiffs' response to Option One's motion to dismiss is nothing more than a very thinly veiled second effort to have the Court reconsider its prior ruling dismissing Defendants Deutsche Bank and AHMSI. (Dkt. No. 14.) This Court has already concluded that Defendant Deutsche Bank holds a valid recorded interest in the Venable's Mortgage as a result of the May 1, 2006 transfer of the Mortgage and Note to Deutsche Bank Trust and the January 11, 2011 assignment of the Mortgage from Option One to Deutsche Bank. (Dkt. No. 14, 11.) The January 11, 2011 assignment from Option One to Deutsche Bank was validly recorded on February 2, 2011 and Option One and Deutsche Bank have "ratified that assignment by their subsequent conduct in honoring its terms." *See Yuille v. American Home Mortgage Services, Inc., et al.*, No. 10-2564, 2012 WL 1914056, at *2 (6th Cir. May 29, 2012). The Court also concluded that Plaintiff, as a stranger to the assignment, lacks standing to challenge the assignment from Option One to Deutsche Bank. (Dkt. No. 14, Opinion and Order 5-7.) *See also Yuille*, 2012 WL 1914056, at * 2 (holding that plaintiff, as a stranger to an assignment of a mortgage which the assignor and assignee had ratified by their subsequent conduct in honoring its terms, lacked standing to challenge its validity).

Plaintiffs style their claim against Option One as a "quiet title" action. First, the Court notes that "quiet title" is "not a separate cause of action, but rather, it is a remedy." *Shaya v. Countrywide Loans, Inc.*, No. 11-1484, 2012 WL 1816233, at *4 (6th Cir. May 21, 2012). In an action seeking quiet title relief, plaintiff has the initial burden of proof, which then shifts to the defendant to prove that it has superior title in the property at issue. *Beulah Hoagland Appleton Qualified Personal*

*Residence Trust v. Emmet County Road Com'n*, 236 Mich. App. 546 (1999). It is undisputed that Option One has no interest in the Venable property, and claims no interest in the property. Option One states in its Motion: "Plaintiffs are not entitled to relief against Option One because Option One does not claim any interest in the Property and, in fact, long ago assigned its recorded interest in the Mortgage to Deutsche Bank." (Dkt. No. 24, Def.'s Reply 8.)

At the June 6, 2012 hearing on Option One's motion, Option One confirmed again that it has no interest in the property, that it validly assigned the entirety of its interest to Deutsche Bank, as this Court has already held in its prior Opinion. Plaintiffs suggested at the hearing on this motion that AHMSI, the servicing agent on their mortgage who has already been dismissed from this case, has or claims some type of record interest in their mortgage that creates a "cloud on title," but they have offered no evidence of such an interest. Plaintiffs have offered no evidence of the existence of any valid lien or interest that may constitute a cloud on title. In this case, there is no competing claimant, no demonstrated potential for double liability, and Plaintiffs offer no basis in law or fact for seeking quiet title relief from Option One.

Plaintiffs have offered no legal or factual support for their "quiet title" claim against Option One, a party who claims no interest in the Property. Option One has assigned its interest in the Mortgage to Deutsche Bank and Option One and Deutsche Bank have affirmed the validity of that assignment. Deutsche Bank has validly recorded that assignment and this Court has ruled that Deutsche Bank holds a valid record interest in the Mortgage. Plaintiffs lack standing to challenge the assignment and are not entitled to the quiet title relief they seek .[3]

---

[3] The Court also denies Plaintiffs' request to amend their Complaint, which is not accompanied by a proposed amended complaint, *see* E.D. Mich. L. R. 15.1, and denies their request for further discovery from Sand Canyon, both of which would be futile.

6

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Option One's Motion for Summary Judgment (Dkt. No. 24) and DISMISSES Plaintiffs' Complaint with prejudice.

IT IS SO ORDERED.

                                                Paul D. Borman
                                              United States District Judge

Dated: 6-22-12